UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISTVAN RUZSA,

      Plaintiff,

v.                                      CASE NO. 6:22-cv-557-RBD-MCR

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

      Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion") (Doc. 27) and Plaintiff's Response thereto ("Response") (Doc. 28). For the reasons stated herein, the undersigned recommends that the Motion be **GRANTED**, and the case be **DISMISSED with prejudice**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

## I.    Background

Plaintiff began receiving Title II disability insurance benefits ("DIB") in
February 2001.  (Doc. 27-1 at 2.)  On May 12, 2009, the Social Security
Administration ("SSA") issued a notice advising him that it had overpaid him
DIB in the amount of $8,837.60 from January 2008 through December 2008
due to work activity.  (Doc. 27-2 at 10.)  Two years later, on October 27, 2011,
Plaintiff requested a waiver of the overpayment, which was subsequently
denied.  (*Id*.)  Upon Plaintiff's request, a hearing was held on June 18, 2012,
and an administrative law judge ("ALJ") subsequently issued a decision
denying Plaintiff's request for a waiver of overpayment.  (*Id*. at 10-15.)
Thereafter, Plaintiff requested a review of the ALJ's decision, and on March
13, 2014, the Appeals Council denied the request.  (Doc. 27-2 at 19-22.)  The
Notice of Appeals Council Action, which explained the process for filing a civil
action in the United States District Court, was mailed to Plaintiff at P.O. Box
2092, Orlando, Florida 32802.  (*Id*.)

In August 2011, Plaintiff's Title II DIB was converted to Retirement
Insurance Benefits ("RIB") because he had reached the full age of retirement.
(Doc. 27-1 at 2.)  On January 21, 2021, the SSA sent Plaintiff a Notice of
Change in Benefits, which reads in relevant part as follows:

> We are writing to give you new information about the retirement
> benefits which you receive on this Social Security record.

> As you requested, we have reviewed your record and have
> determined that your monthly benefit amount is correct.  We will
> resume withholding $10.00 from your monthly payments toward
> recovery of your overpayment. The remaining balance currently
> stands at $3,520.00. Recovery will be completed in April 2050.

(*Id*. at 6.)  The Notice also explained that if Plaintiff did not agree with the

SSA's decision, he had sixty (60) days to appeal.  (*Id*.)  On December 5, 2021,

the SSA sent Plaintiff a letter explaining the 2022 Social Security Cost of

Living Adjustment, which increased his benefits by 5.9 percent.  (*Id*. at 4.)

On March 15, 2022, Plaintiff filed a *pro se* Complaint in this Court,

purportedly alleging, *inter alia*, elder abuse, theft, fraud, human rights

violations, and seeking $100,000,000.00 and criminal charges against the

SSA.  (*See generally* Doc. 3.)  The final page of Plaintiff's Complaint is an

excerpt from a 2012 ALJ decision denying his request for waiver of an

overpayment of Title II DIB or the determination of the amount of his

monthly benefits.  (*Id*. at 24.)  On May 19, 2022, Plaintiff filed a Motion for

Summary Judgment, which the Court denied on May 25, 2022.[2]  (Docs. 24,

25.)

On June 10, 2022, Defendant filed the instant Motion to Dismiss

pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure.

---

[2] The undersigned directed the Plaintiff to file a notice advising the Court of
the steps he took to obtain counsel to assist him with this case.  (Doc. 25.)  To date,
no such notice has been filed.

(Doc. 27.)  Attached to the Motion is the declaration of Tersamdra Smith, Social Insurance Specialist for the Retirement, Survivors Insurance Program Team ("RSIPT") in the Atlanta Regional Office's Center for Disability and Program Support ("CDPS").  (Doc. 27-1.)  Ms. Smith attests that she provides guidance and advice on SSA program issues to the agency's Field Offices. (*Id.*)  In addition to attesting to the aforementioned notices issued by the SSA regarding Plaintiff's benefits, Ms. Smith further attests that she is not aware of Plaintiff filing an appeal of either the January 2021 notice or the December 2021 letter regarding the amount of his monthly benefits.  (*Id*. at 4.)

Also attached to Defendant's Motion to Dismiss is a declaration of Rosanna Mapp, Chief of the Court Case Preparation and Review Branch of the Office of Appellate Operations, SSA.  (Doc. 27-2.)  Ms. Mapp attests that she is responsible for the processing of claims under Title II of the Social Security Act whenever a civil action has been filed in the State of Florida, and that the documents relating to Plaintiff's claim have been reviewed under her supervision.  (*Id*.)  Ms. Mapp attests to the following:

> On July 12, 2012, an Administrative Law Judge issued a decision denying the plaintiff's claim for waiver of overpayment of Title II disability benefits, and mailed a copy thereof to the plaintiff (Exhibit 1). Thereafter, the plaintiff requested review of this decision. On March 13, 2014, the Appeals Council sent, by mail addressed to the plaintiff at PO Box 2092, Orlando, FL 32802, notice of its action on the plaintiff's request for review and of the right to commence civil action within sixty (60) days from the date of the receipt (Exhibit 2).

(*Id*. at 4.)

Defendant's Motion to Dismiss argues that this Court lacks subject-

matter jurisdiction because Plaintiff untimely filed his Complaint more than

60 days after the Commissioner's decision denying his request to waive

overpayment.  (Doc. 27 at 8.)  Defendant explains:

> Plaintiff's [C]omplaint is untimely because he did not file it
> until March 14, 2022, more than eight years after the Appeals
> Council's March 13, 2014 notice of its decision denying Plaintiff's
> request for review of the ALJ's overpayment decision.  Therefore,
> Plaintiff's [C]omplaint is untimely and should be dismissed.

(*Id*. at 10 (internal citations omitted).)

Next, Defendant argues that "Plaintiff has not shown that he

completed the administrative review process and received a "final decision"

as to any agency action regarding the amount of his benefits."  (*Id*. at 13.)

On June 28, 2022, Plaintiff filed his Response to the present Motion to

Dismiss.  (Doc. 28.)  Plaintiff's Response reads in relevant part as follows:

> Istvan Ruzsa send back wrong illegal action.
> Worked 21 years for $410,000 [d]ollars paying for  . . .
> Also [p]hysical[ly] mental[ly] disabled[.]
> Elder [a]buse[,] [f]raud-financial[,] fraud-exploitation.
> Misrepresentation-Misconduct
> Plaintiff Istvan Ruzsa said no longer occupied with my case [sic].
> Cancelled my file[d] complaints [sic] U.S. District Court Middle
> District of FL. Orlando Division.
> No [n]eed wrong information letters.

(*Id*. at 1.)  The Motion is now ripe for review, and the undersigned discusses

the applicable standard and conclusion in turn below.

## II.      Standard

A motion to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of

Civil Procedure, is a motion challenging the subject matter jurisdiction of the

court.  *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279

(11th Cir. 2009) (citing *Morrison v. Amway Corp.,* 323 F.3d 920, 925, n. 5

(11th Cir. 2003)).  A party may challenge subject matter jurisdiction under

Rule 12(b)(1) by either a facial attack or a factual attack.  *See McElmurray v.*

*Consol. Gov't of Augusta-Richmond Cnty.,* 501 F.3d 1244, 1251 (11th Cir.

2007).  In a facial challenge, a court assumes the allegations in the complaint

are true and determines whether the complaint sufficiently alleges a basis for

subject-matter jurisdiction.  *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th

Cir. 1990).  On the other hand, factual attacks challenge the "existence of

subject-matter jurisdiction in fact, irrespective of the pleadings, and matters

outside the pleadings, such as testimony and affidavits, are considered."  *Id.*

A district court's jurisdiction to review adverse administrative decisions

by the Commissioner is limited by 42 U.S.C. § 405(g), which provides:

> Any individual, after any *final decision* of the Commissioner of
> the Social Security made after a hearing to which he was a party,
> irrespective of the amount in controversy, may obtain a review of
> such decision by a civil action commenced within sixty days after
> the mailing to him of notice of such decision or within such
> further time as the Commissioner of Social Security may allow.

42 U.S.C. 405(g) (emphasis added).

6

Although the Social Security Act ("the Act") does not define "final decision," the Commissioner has exercised his administrative authority to give meaning to the term through regulations, as authorized by the Act. *See* 42 U.S.C. § 405(a) ("The Commissioner of Social Security shall have full power and authority to make rules and regulations . . . which are necessary or appropriate."). Under the regulations, a decision becomes "final" for § 405(g) purposes when the plaintiff has exhausted his remedies by completing the four-step administrative review process.

Agency regulations set forth the administrative review process in 20 C.F.R. §§ 404.900(a)(1)-(4), 416.1400(a)(1)-(4), which calls for an initial determination, a decision on reconsideration, a hearing before an ALJ, and review by the Appeals Council. *See* 20 C.F.R. §§ 404.900(a)(1)-(4), 416.1400(a)(1)-(4).[3] "A claimant's failure to exhaust all administrative remedies before filing an appeal deprives the court of subject-matter jurisdiction." *Morrison v. Astrue*, 2012 WL 3668070, at *3 (M.D. Fla. June 9, 2012), *report and recommendation adopted*, 2012 WL 3655346 (M.D. Fla. Aug. 24, 2012). However, the exhaustion requirement can be excused when

---

[3] It is unclear whether Plaintiff contests the December 2002 termination of his SSI benefits or the administrative decision to deduct $10.00 per month from his DIB award as a result of overpayment. However, out of an abundance of caution, the undersigned cites to both regulations regarding the administrative review process.

the claimant presents a colorable constitutional challenge.  *See Califano v. Sanders*, 430 U.S. 99, 109 (1977).

### III.      Discussion

Making a factual attack, the Defendant argues that the Court does not have jurisdiction under Rule 12(b)(1) to consider this matter because Plaintiff failed to exhaust his administrative remedies and has not received a "final decision" under 42 U.S.C. § 405(g) entitling him to judicial review.  (Doc. 27 at 11-16.)  The undersigned agrees with the Commissioner's argument.  "To decide this factual attack to the Court's subject matter jurisdiction, the Court may consider the pleadings, such as affidavits."  *Simpson v. Kijakazi*, No. 8:22-CV-0011-KKM-SPF, 2022 WL 1157680, at *2 (M.D. Fla. Mar. 31, 2022), *report and recommendation adopted sub nom.*, *Simpson v. Commissioner of Soc. Sec.*, 2022 WL 1155904 (M.D. Fla. Apr. 19, 2022).  If the Court lacks subject matter jurisdiction, it must dismiss the action.  *See* Fed. R. Civ. 12(h)(3).

Here, the detailed affidavits of Tersamdra Smith and Rosanna Mapp outline the historical background of Plaintiff's DIB records, including any administrative remedies he may have taken once the SSA began deducting $10.00 from his monthly benefits amount.  Notably, it is evident that there is no record of Plaintiff seeking administrative reconsideration of the notices regarding his monthly benefit amount nor is there a record of Plaintiff

requesting additional time to file a civil action with this Court.  (*See* Doc. 27-2 at 4.)  Accordingly, Plaintiff is eight years too late, as he failed to exhaust his administrative remedies and failed to timely file a Complaint with this Court. Although Plaintiff alleges various federal statutory violations, he has not presented a "colorable constitutional challenge" that excuses the exhaustion requirement.

Additionally, Plaintiff's two-page Response fails to address the Defendant's arguments and is mostly nonsensical.  To the extent Plaintiff attempts to illuminate any allegations of subject-matter jurisdiction with this Court, the Response is insufficient.  (*See* Doc. 28 ("18-7897 Supreme Court of the United States Federal District Court has subject matter jurisdiction under Federal 18 U.S. Code 4287 False Fictitious or Fraudulent claims whoever makes [sic].").)

On the other hand, it appears that Plaintiff wishes to abandon his claims altogether.  For example, in his Response, Plaintiff writes:

> No longer occupied with my case. Cancelled my file[d] complaints [with] U.S. District Court Middle District of FL Division.  . . .

> No longer occupied with my true claims. Istvan Ruzsa Plaintiff file[s] Motion Request [to] Remove my [c]laims [from] United States District Court of FL Orlando Division.

(*Id.*)  As such, both the Complaint and the Response leave the undersigned unable to deduce this Court's subject-matter jurisdiction, or even a clear cause of action.

Lastly, the undersigned recommends that the case be dismissed with prejudice because it appears that Plaintiff is a frequent, frivolous filer. Plaintiff has a lengthy history of filing largely incomprehensible pleadings against the Commissioner and other Defendants.  *See Ruzsa v. Commissioner of the Soc. Sec. Admin.*, Case No. 6:02-cv-360-GKS-KRS, Doc. 4 (M.D. Fla. April 2, 2002) (recommending dismissal without prejudice of complaint and denial without prejudice of application to proceed *in forma pauperis* for failure to allege exhaustion of administrative remedies); *Ruzsa v. State of Connecticut*, Case No. 6:08-cv-1473-GKS-DAB, Doc. 27 (M.D. Fla. April 6, 2009) (directing the Clerk of Court not to accept any further pleadings submitted by Plaintiff in the case); *Ruzsa v. Bridgefield Insurance*, Case No. 6:16-cv-1205-PGB-KRS, Doc. 22 (M.D. Fla. January 24, 2017) (adopting report and recommendation, dismissing case without prejudice for failure to pay the filing fee or file a motion to proceed *in forma pauperis*, and finding plaintiff's objection to be largely unintelligible).  Despite various orders throughout the years in other Middle District of Florida cases, Plaintiff continues to employ similar disjointed filing practices in the present case. (*See generally* Docs. 3, 20, 21, 22, 23, 24, and 26.)  Such filings significantly

impact the resources of this Court as well as of Defendant, and do not appear

to cure any deficiencies.

Accordingly, it is respectfully **RECOMMENDED**:

1.     Defendant's Motion to Dismiss (**Doc. 27**) be **GRANTED**;

2.     The case be **DISMISSED with prejudice**; and

3.     The Clerk of Court be **DIRECTED** to close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on January 5,

2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Roy B. Dalton
United States District Judge

*Pro Se* Plaintiff

Counsel of Record